## 17706

Etheyln W. MALLOW, Respondent, v. Isaac Jakie WATSON and Virgil Watson, Individually and as administrators of the estate of Susan Davis Watson, Samuel Dewey Watson, J. Clyde Watson, Edith Watson and Beverly Watson Anderson, of whom Isaac Jakie Watson, Individually and as administrator of the estate of Susan Davis Watson and Samuel Dewey Watson, are Appellants.

(116 S. E. (2d) 689)

*Messrs. Leppard & Leppard,* of Chesterfield, *for Appellants,*

*Ney B. Steele, Esq.,* of Chesterfield, *for Respondent,* and *Virgil Watson, individually and as administrator of the estate of Susan Davis Watson, deceased, and Beverly Watson Anderson.*

October 25, 1960.

OXNER, Justice.

Susan Davis Watson died intestate on November 16, 1959, seized and possessed of several tracts of land in Chesterfield County and also an undivided half interest in a lot in the Town of Chesterfield. The remaining half interest in this lot was owned by Ethelyn W. Mallow. In due course, Isaac Jakie Watson and Virgil Watson, both of whom are among decedent's heirs at law, were appointed administra-

tors of her estate. On February 9, 1960, Isaac Jakie Watson, individually and as administrator, and Samuel Dewey Watson, another heir at law, brought an action against Virgil Watson, individually and as administrator, and the other heirs at law to partition certain real estate owned by the decedent. The record does not disclose whether it was sought in this action to include in the partition proceedings the lot in the Town of Chesterfield. Presumably this property was not included for Ethelyn W. Mallow was not made a party to that action.

On February 26, 1960 the instant action was brought by Ethelyn W. Mallow against all the heirs at law of Susan Davis Watson and administrators of her estate to partition the lot in the Town of Chesterfield. It was alleged in the complaint that the plaintiff owned an undivided half interest in said property and each of the defendants as an heir at law of Susan Davis Watson owned an undivided one-twelfth interest. It was further alleged that any claims or charges against the estate of Susan Davis Watson could be paid from the personal estate or the remaining real estate owned by decedent. On March 21, 1960 counsel for plaintiff moved for a general order of reference. On March 23rd, counsel for defendants Isaac Jakie Watson, individually and as administrator, and Samuel Dewey Watson moved to stay all proceedings in the instant action until the final determination of the partition action brought by Isaac Jakie Watson, which was then pending, and for a further order staying all proceedings until the expiration of six months from the date of the death of Susan Davis Watson. All of these motions were heard together by the Circuit Judge. Thereafter in an order filed on April 5, 1960 the Court refused the motions to stay the proceedings and granted an order of reference. From this order, Isaac Jakie Watson, individually and as administrator, and Samuel Dewey Watson have appealed.

The first question is whether the proceeding in the instant case should be stayed pending the final determination of the other partition proceeding com-

menced several weeks earlier by appellants. We do not think so. Respondent, Ethelyn W. Mallow, has no interest in the lands sought to be partitioned in the other action. Her only interest is in the property in the Town of Chesterfield. The general rule is that where it is sought to partition several parcels of land, it is essential that each of the parties to the proceeding have an interest in the entire property. 40 Am. Jur., page 29; 68 C. J. S. Partition § 55, page 79; Annotation 65 A. L. R. 893. As there pointed out, there is an exception if the rights of the parties are all derived from a cotenancy as a common source of title even though some of the parties are interested in only one parcel. But it does not appear from the record that respondent's half interest in the lot in the Town of Chesterfield was derived in this manner. Moreover, it is difficult to see any basis for appellants' claim to a stay of the instant action when they failed to make respondent a party to the other action.

The other question is whether the Court below should have stayed further proceedings in the instant case until May 16, 1960, or six months after the death of the decedent. Appellants have obtained this stay by their appeal. The six months period has now expired. There is no claim that there have been any further proceedings after the order of reference. It will be noted that the administrators of the estate of Susan Davis Watson were made parties to this action as required by Rule 54 of the Circuit Court and it will be assumed that in the partition decree proper provision will be made to protect the creditors, if any, of decedent's estate. Apart from the foregoing, appellants are hardly in a position to claim that the instant action was prematurely commenced when they themselves brought within the six months period an action to partition the other property owned by decedent.

Affirmed.

STUKES, C. J., and TAYLOR, LEGGE and Moss, JJ., concur.